People v Everett (2021 NY Slip Op 00575)





People v Everett


2021 NY Slip Op 00575


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2013-11112
 (Ind. No. 1592/10)

[*1]The People of the State of New York, respondent,
v
Rasheen Everett, appellant.


Janet E. Sabel, New York, NY (Paul Wiener of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and William H. Branigan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered December 5, 2013, convicting him of murder in the second degree, burglary in the second degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after hearings (Arthur J. Cooperman, J.H.O., and Richard L. Buchter, J.), of those branches of the defendant's omnibus motion which were to suppress certain statements he made to law enforcement officials.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant's contentions, raised in his pro se supplemental brief, regarding alleged errors in the Supreme Court's suppression rulings and the alleged ineffectiveness of his counsel at the suppression hearings are without merit.
However, as the People correctly concede, a new trial is required based upon the Supreme Court's failure to comply with CPL 310.30, in accordance with the procedures set forth in People v O'Rama (78 NY2d 270, 279). CPL 310.30 "imposes two responsibilities on trial courts upon receipt of a substantive note from a deliberating jury: the court must provide counsel with meaningful notice of the content of the note, and the court must provide a meaningful response to the jury" (People v Thomas, 146 AD3d 991, 993 [internal quotation marks omitted]; see People v O'Rama, 78 NY2d at 276-277). Where a trial court fails to fulfill its responsibility to provide meaningful notice of the content of the note, "a mode of proceedings error occurs, and reversal is . . . required even in the absence of an objection" (People v Nealon, 26 NY3d 152, 157).
Here, the jury submitted a note requesting to view a specific portion of surveillance video taken from the victim's building. The Supreme Court failed to notify the parties regarding the existence of the note, failed to read the contents of the note into the record, and failed to respond to the note. Thus, the court committed a mode of proceedings error, which requires reversal of the judgment and a new trial (see People v Parker, 32 NY3d 49, 59; People v Kluge, 180 AD3d 705, 711-712).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, either have been rendered academic in light of our determination or are not properly before this Court.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court